# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CHIOMA NWAUWA, | § | |
| Plaintiff, | § § § | |
| v. | § § | 1:18-CV-1130-RP |
| KINGSLEY UGOCHUKWU, | § § § | |
| Defendant. | § | |

## ORDER

Plaintiff Chioma Nwauwa ("Nwauwa") filed this action against Defendant Kingsley Ugochukwu's ("Ugochukwu"), seeking to enforce an Affidavit of Support under the Immigration and Nationality Act. (Compl., Dkt. 1). The Court recently denied Nwauwa's motion for a preliminary injunction for failure to demonstrate a likelihood of success on the merits. (Order, Dkt. 28). Ugochukwu's First Motion to Dismiss, (Mot. Dismiss, Dkt. 15), and Second Motion to Dismiss, (2d Mot. Dismiss, Dkt. 25), remain pending.

*Sua sponte*, the Court considered that abstention may be proper in this case while the parties' divorce proceedings remain pending in Missouri state court. The Court asked the parties to submit briefing on whether either *Younger* abstention or *Colorado River* abstention may be proper. (Order, Dkt. 21). In response, Ugochkuwu filed his second motion to dismiss, arguing that the action should be dismissed "after the final paperwork becomes available" from the divorce proceedings. (2d Mot. Dismiss, Dkt. 25, at 1). Nwauwa filed a brief in opposition to abstention, (Nwauwa Abstention Br., Dkt. 26), and a response to the second motion to dismiss, (Resp. 2d Mot. Dismiss, Dkt. 27).

Having considered the parties' submissions, the record in this case, and the relevant law, the Court finds that abstention is not warranted in this case. However, the Court will stay this case until the Missouri court enters a final judgment of divorce.

1

## I. BACKGROUND

On April 25, 2019, the Court held a hearing on the motion for a preliminary injunction. At the hearing, the parties established that their divorce proceedings remain pending in Missouri state court. *See In re the Marriage of Chioma Nwauwa and Kingsley C. Ugochukwu*, Jackson Co. Missouri Case No. 1816-FC00583.

The parties' most recent briefing indicates that those proceedings are nearly complete. According to the Missouri state court docket, the parties informed the court that they had settled as of April 24, 2019. The final hearing was held on March 13, 2019. (2d Mot. Dismiss, Dkt. 25, at 1; Harrison Decl., Dkt. 26-2, at 2). Nwauwa submits that the parties' agreed proposed judgment of divorce "is expected to be entered shortly and will conclude that case." (Nwauwa Abstention Br., Dkt. 26, at 2).

The record before this Court indicates that the parties did not address Nwauwa's Affidavit of Support claims in their divorce proceedings. In her most recent briefing, Nwauwa submits that the divorce proceedings do not provide for spousal support under the Form I-864. (*See* Harrison Decl., Dkt. 26-2, at 2 ("The Missouri family law Court has made no order predicated upon the Form I-864.")). Nwauwa also informs this Court that she chose not to pursue her Affidavit of Support in the divorce proceedings, based on her attorney's advice that "the Form I-864 does not constitute a contract for support under Missouri law" and a Missouri court might not enforce the Form I-864 as a spousal maintenance order. (Nwauwa Abstention Br., Dkt. 26, at 4–5). She provides a copy of the parties' proposed judgment of divorce, which stipulates that the divorce judgment does not preclude her from pursuing a claim under the Affidavit of Support: "That Petitioner reserved her right to pursue her federal claim against Respondent for support pursuant to the Affidavit of Support Under Section 213A of the Act executed by Respondent." (Proposed Judgment Decree of Dissolution of Marriage, Dkt. 26-2, at 7).

Rather than arguing for abstention, Ugochukwu's second motion to dismiss seems to argue that once the final paperwork is available from the divorce proceedings, dismissal of this case will be proper. (2d Mot. Dismiss, Dkt. 25, at 1). In other words, Ugochukwu contends that this Court should maintain jurisdiction over this case until the final materials from the divorce proceedings become available to support his position.

### III. ABSTENTION

#### A. Legal Standard

"[A]bstention may be raised by the court *sua sponte*." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999) (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *BT Inv. Managers, Inc. v. Lewis*, 559 F.2d 950, 954 n.16 (5th Cir. 1977)). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

As a general rule, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Murphy*, 168 F.3d at 737 (5th Cir. 1999) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). However, federal courts abstain from jurisdiction in certain exceptional circumstances. The doctrine of *Younger* abstention provides that federal courts should decline to exercise jurisdiction over cases when three conditions are met: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Similarly, *Colorado River* abstention recognizes "'extraordinary and narrow' circumstances" where "a district court may abstain from exercising jurisdiction over a case when there is a concurrent state proceeding, based on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Murphy*, 168 F.3d at 737–38 (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 816 (1976)) (cleaned up). Although there is no "hard and fast rule," the Fifth Circuit considers six factors to determine "whether exceptional circumstances exist that would permit a district court to decline exercising jurisdiction: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *Id.* at 738 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285–86, (1995); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983); *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1190–91 (5th Cir. 1988)).

## B. Discussion

Because the parties' divorce proceedings are all but concluded, abstention is not proper here. *Younger* abstention is reserved for situations where a federal action that would "interfere" with an "ongoing state judicial proceeding." *Bice*, 677 F.3d at 716 (quoting *Middlesex Cnty.*, 457 U.S. at 432). "In order to decide whether the federal proceeding would interfere with the state proceeding, we look to the relief requested and the effect it would have on the state proceedings." *Id.* at 717. Here, the parties have settled their state court proceedings. Nwauwa's requested relief in this case is actual damages plus ongoing support pursuant to the Immigration and Nationality Act. (Compl., Dkt. 1, at 8). If this Court were to award her requested relief, it would have no effect on the state proceeding because the parties have settled. They only await court approval of their settlement, in the form of a

4

final divorce judgment.

Similarly, *Colorado River* abstention is not proper because the "concurrent state proceeding" will cease to be concurrent as soon as final judgment is entered in that case. *See Murphy*, 168 F.3d at 737. Although this Court initially raised the question of abstention due to concerns about piecemeal litigation—one factor in *Colorado River* abstention—Nwauwa has already chosen not to pursue her Affidavit of Support in their divorce proceedings, although the Missouri state court would have jurisdiction to hear those claims. *See* 8 U.S.C. § 1183a(a)(1)(C). Abstention at this late stage of the divorce proceedings would not alter that choice. Additionally, the parties have considered and agreed in their proposed judgment of divorce that Nwauwa "reserved her right to pursue her federal claim against Respondent for support pursuant to the Affidavit of Support." (Proposed Judgment Decree of Dissolution of Marriage, Dkt. 26-2, at 7). Based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," the Court finds that abstention at this stage would not contribute to more efficient or comprehensive disposition of the parties' dispute. *See Murphy*, 168 F.3d at 738 (quoting *Colo. River*, 424 U.S. at 816).

## IV.  STAY

However, the Court considers that proceeding with this case is not in the interests of the parties until the final judgment of divorce is entered.  Federal courts have an inherent power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court's exercise of that power is "not unbounded," and proper use of that authority "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55). "[B]efore granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are

5

found to be immoderate or of an indefinite duration.'" *Id.* at 545 (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

In this case, until the divorce judgment is final, the parties' submissions regarding Nwauwa's income and any payments by Ugochukwu are only tentative. Litigating this case based on a draft divorce judgment would make inefficient use of the time and resources of both the parties and this Court. *See In re Beebe*, 56 F.3d 1384 (5th Cir. 1995) (weighing, among other factors, "the cost of litigation to parties, the congested dockets of our federal district courts, and the scarcity of judicial resources"). Nwauwa's counsel acknowledged this during the hearing on the motion for a preliminary injunction. (*See* Hr'g Tr., at 41:13–18 ("THE COURT: Is [the disposition of the Missouri family law matter] relevant to any of the issues before me? MR. McLAWSEN: Well, it will be relevant if the Missouri family law court had ordered family spouse alimony because I think we would probably be ready to concede to that serves as an offset.")).

A stay until the Missouri court enters a final judgment of divorce would not be indefinite. Although this Court cannot be certain when that case will conclude, Nwauwa submits that the final judgment of divorce "is expected to be entered shortly and will conclude that case." (Nwauwa Abstention Br., Dkt. 26, at 2). The Court therefore estimates that a few months will be an adequate period of time for a stay. The Court will stay this case for three months and order Nwauwa to file a notice with the Court when the Missouri court enters final judgment. If the Missouri court has not entered final judgment after three months, the Court will assess whether extending the stay is proper.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that this matter is stayed until **August 8, 2019**. All pending deadlines and discovery are stayed pending further order of this Court.

**IT IS FURTHER ORDERED** that on or before **August 8, 2019**, Nwauwa shall file either (1) a notice with the Court when the Missouri court enters final judgment, or (2) a notice advising the Court of the status of the Missouri divorce proceeding.

**IT IS FINALLY ORDERED** that because Ugochukwu is acting *pro se*, the Clerk of Court shall serve a copy of this order to him by certified mail and by e-mail.

**SIGNED** on May 10, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE