IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHIOMA NWAUWA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-1130 |
| KINGSLEY UGOCHUKWU, | § § § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff Chioma Nwauwa's ("Plaintiff") Motion to Redact Sensitive Personal and Financial Information or Seal ("Motion"). (Dkt. 44). Plaintiff's Motion is unopposed. Plaintiff requests that the Court seal the case or redact "sensitive family law, financial and personal details." (*Id.* at 1). Plaintiff states that Defendant Kingsley Ugochukwu's ("Defendant") allegations against her and the financial and personal information have led to threats of kidnapping against Plaintiff and her family. (*Id.* at 3).

There is a common-law presumption of public access to judicial records. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Because of that presumption, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Id.* (citation omitted). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Id.* At the same time, the public's right of access is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir. 1981). To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against interests favoring

1

non-disclosure. *See S.E.C. v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993). The party seeking to seal court documents, including transcripts, has the burden of establishing good cause that the presumption of public access to court records is overcome. *LEAP Sys., Inc. v. MoneyTrax, Inc.,* 638 F.3d 21, 221–22 (3d Cir. 2011).

Having weighed the public's right of access against the interests favoring nondisclosure, the Court finds that (1) Plaintiff's request to seal the entire case is overbroad, and (2) Plaintiff has shown good cause to seal some documents in this case. In order for the Court to seal those documents, Plaintiff must identify the exact documents and/or exhibits she seeks to have sealed by their title, filing date, and docket number.

**IT IS ORDERED** that Plaintiff's Motion, (44), is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff file a renewed motion that sets out exactly which documents and/or exhibits she seeks to have sealed by identifying them by title, filing date, and docket number. Plaintiff shall file that renewed motion by **February 21, 2020.**

**SIGNED** on February 7, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE