IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHIOMA NWAUWA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-1130 |
| | § | |
| KINGSLEY UGOCHUKWU, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Chioma Nwauwa's ("Plaintiff") Renewed Motion to Redact Sensitive Personal and Financial Information, (Dkt. 48), and Defendant Kingsley Ugochukwu's ("Defendant") response in opposition, (Dkt. 49). Plaintiff requests that the Court seal specific documents filed in this case. (Motion, Dkt. 48, at 4). Plaintiff states that Defendant's allegations against her and the release of financial and personal information have led to threats of kidnapping against Plaintiff and her family. (*Id.* at 1). Defendant argues that she should have to "provide legitimate proof" of the threats against her family in Nigeria and that the Court only seal Plaintiff's filings and not his.

There is a common-law presumption of public access to judicial records. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Because of that presumption, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Id.* (citation omitted). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Id.* At the same time, the public's right of access is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Belo Broadcasting*

*Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir. 1981). To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against interests favoring non-disclosure. *See S.E.C. v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993). The party seeking to seal court documents, including transcripts, has the burden of establishing good cause that the presumption of public access to court records is overcome. *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 21, 221–22 (3d Cir. 2011).

Personal financial information is universally presumed to be private, not public. *See United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1051 (2d Cir.1995) (courts analyzing common law presumption should "consider the degree to which the subject matter is traditionally considered private rather than public"). Plaintiff's strong interest in the privacy of the particulars of her family's financial information outweighs any common law presumption of access in these circumstances.

The Court also finds that Plaintiff's and her family's safety is of higher value than the presumption of openness. Plaintiff has explained that threats have been made against her and her family because of information contained in court documents, and she identified the specific documents within this case that contain that sensitive information. Furthermore, of the ten documents that Plaintiff wishes to seal, only two were filed by Defendant; thus, he objects only to sealing those two documents. He also claims that the information in his filings is true and therefore should not be sealed. But the veracity of the documents is not at issue. The Court may seal sensitive information that is wholly truthful.

Having weighed the public's right of access against the interests favoring nondisclosure and having considered Defendant's opposition, the Court finds that Plaintiff has shown good cause to seal specific documents in this case.

**IT IS ORDERED** that Plaintiff's motion, (48), is **GRANTED**.

The Court directs the Clerk's Office to **SEAL** the following documents:

1. Complaint, Dkt. 1;

2. Motion for Preliminary Injunction, Dkt. 10;

3. Supplement to Motion for Preliminary Injunction, Dkt. 12;

4. Motion to Dismiss and Response, Dkt. 15 and exhibits;

5. Reply in support of Motion for Preliminary Injunction, Dkt. 17 and exhibits;

6. Response to Motion to Dismiss, Dkt. 20.

7. Order Denying Preliminary Injunction, Dkt. 28;

8. Notice regarding order on sua sponte stay, Dkt. 32 and exhibits;

9. Supplemental Motion to Dismiss, Dkt. 33;

10. Response to Motion to Dismiss, Dkt. 40.

**SIGNED** on May 15, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE